1

2

3

4

5

6

7

*FILED*

*2010 APR -8 PM 3: 45*

*CLERK US DISTRICT COURT*
*SOUTHERN DISTRICT OF CALIFORNIA*

*BY_____DEPUTY*

8

# UNITED STATES DISTRICT COURT

9

# SOUTHERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11    BRUCE DERRICK CALHOUN, | CASE NO. 10-cv-0522 BEN (JMA) |
| 12                 Plaintiff, | ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS; |
| 13      vs. | DENYING REQUEST FOR APPOINTMENT OF COUNSEL; |
| 14    SAN DIEGO COUNTY; et al., | AND DISMISSING ACTION WITH PREJUDICE |
| 15               Defendants. | [Docket Nos. 2, 3] |

16       On March 11, 2010, Plaintiff Bruce Derrick Calhoun initiated this action against several

17 defendants including several Judges of this Court, the above-captioned courthouse, Sea World, UCSD,

18 SDSU, USD, City College, Toyota, Wal-Mart, Bill Gates, Warren Buffet, IBM, Dell Computers, and

19 United Airlines.   Plaintiff alleges Defendants attempted to murder Plaintiff on March 11, 2010 at

20 approximately 10:35 a.m.  Plaintiff seeks $700 million or a beach house and a bugatti.

21       When filing his Complaint, Plaintiff also filed a Motion to Proceed In Forma Pauperis ("IFP")

22 (Docket No. 3) and a Request for Appointment of Counsel (Docket No. 2).  The Court decides the

23 matters on the papers submitted.  For the reasons outlined below, the Court **DENIES** Plaintiff's

24 motions and **DISMISSES** the action with prejudice.

25   I.      **Motion to Proceed *In Forma Pauperis***

26 Under Section 1915 of title 28 of the United States Code,

27

28

> any court of the United States may authorize the commencement,
> prosecution or defense of any suit, action or proceeding . . . without
> prepayment of fees or security therefor, by a person who submits an

1                      affidavit that includes a statement of all assets such [person] possesses
that the person is unable to pay such fees or give security therefor.

2

3    28 U.S.C. § 1915(a)(1).  Here, Plaintiff states he is not currently employed.  (Docket No. 3 at 2.)

4    Plaintiff states he receives $1,024 per month in social security.  *Id.*  Although a party need not be

5    completely destitute to proceed IFP, a party must still show by affidavit or other similarly reliable

6    source that, because of his or her poverty, he or she cannot pay the filing fee and still provide the

7    "necessities of life" for his or her family.  *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331,

8    339-40 (1948).  Plaintiff has failed to satisfy that requirement here and, therefore, is not excused from

9    paying the $350 filing fee to commence this action.

10         Plaintiff's motion to proceed *in forma pauperis* is **DENIED**.

11    **II.**    **Dismissal of Action With Prejudice**

12         A complaint filed by any person proceeding, or seeking to proceed, in forma pauperis under

13    28 U.S.C. § 1915(a) is subject to mandatory sua sponte review and dismissal if the complaint is

14    frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief

15    from a defendant immune from suit. 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-

16    27 (9th Cir. 2000).  Having reviewed Plaintiff's Complaint, the Court finds the pleading fails to state

17    a cognizable claim for relief.

18         The legal sufficiency of a complaint is tested under Federal Rule of Civil Procedure 12(b)(6).

19    *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  Under the Rule, dismissal is appropriate only

20    where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which

21    would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Navarro*, 250 F.3d at 732.

22    Dismissal is warranted when the complaint lacks a cognizable legal theory. *Robertson v. Dean Witter*

23    *Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984).  The court must assume the truth of all factual

24    allegations and construe them in the light most favorable to the plaintiff. *Thompson v. Davis*, 295 F.3d

25    890, 895 (9th Cir. 2002); *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996).  Pro se

26    litigants are not "excused from knowing the most basic pleading requirements." *American Assoc. of*

27    *Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1107 (9th Cir. 2000), *cert. denied* 532 U.S. 1088

28    (2001).

1    Here, Plaintiff's Complaint is legally insufficient because it does not identify the basis for relief
2  or the basis of this Court's jurisdiction.  Plaintiff's Complaint consists of a one sentence statement
3  alleging Defendants attempted to murder Plaintiff on March 11, 2010.  No additional information is
4  provided.   In particular, Plaintiff's Complaint is void of any information regarding the alleged
5  misconduct specific to each Defendant.  Without this information, it is impossible to even glean the
6  basis, let alone the substance, of Plaintiff's claim.  The Court also notes Plaintiff's allegations are
7  similar to those set forth in previously filed (and dismissed) complaints in this Court.  *See, e.g.,*
8  *Calhoun v. San Diego County, et al.*, USDC, Southern District of California, Case No. 10-cv-00009
9  IEG; *Calhoun v. San Diego County, et al.*, USDC Southern District of California, Case No. 10-cv-
10  00271 W; *Calhoun v. San Diego County; et al.*, USDC Southern District of California, Case No. 10-
11  cv-00441 IEG.
12    Where, as here, it clear that the deficiencies of a complaint cannot be cured by amendment,
13  dismissal with prejudice is warranted.  *Franklin v. Murphy*, 745 F.2d 1221, 1228 n.9 (9th Cir. 1984).
14  Accordingly, Plaintiff's Complaint **DISMISSED WITH PREJUDICE**.
15    **III.    Appointment of Counsel**
16    Because Plaintiff's Complaint is dismissed, Plaintiff's Request for Appointment of Counsel
17  is **DENIED** as moot.
18                    **CONCLUSION**
19    Plaintiff's Motion to Proceed In Forma Pauperis is **DENIED**.  Plaintiff fails to state a claim
20  upon which relief may be granted.  Accordingly, Plaintiff's Complaint is **DISMISSED WITH**
21  **PREJUDICE**.  Because Plaintiff's Complaint is dismissed, Plaintiff's Request for Appointment of
22  Counsel is **DENIED** as moot.
23
24  **IT IS SO ORDERED**.
25  Date: April ⎰, 2010
26                    Hon. Roger T. Benitez
                      United States District Court Judge
27
28

                         - 3 -                               10cv0522